In the Matter of the Petition of NORMAN H. POLLOCK, Respondent, to Compel HENRY G. ATWATER and ALFRED B. CRUIKSHANK, Attorneys at Law, Appellants, to Pay Over Moneys Collected for Him.

*Summary proceedings — order directing an attorney to pay money to his client made under a mistake of the court as to the attorney's having asked that an action be brought.*

Where the opinion of a justice presiding at Special Term, handed down in connection with an order in a summary proceeding, requiring a firm of attorneys to pay over to a client moneys alleged to be due to the latter, indicates that the justice entertained the summary proceeding on the erroneous supposition that the attorneys had made no request that the petitioners be

remitted to an action at law, the Appellate Division considered that the summary proceeding should be dismissed, without costs and without prejudice to the petitioner's right to proceed by action.

APPEAL by Henry G. Atwater and another from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 20th day of June, 1901, directing the respective parties to the proceeding to appear and give evidence therein; also from an order entered in said clerk's office on the 28th day of June, 1901, overruling the appellants' objections to the proceeding; also from an order entered in said clerk's office on the 3d day of July, 1901, directing the said Atwater and Cruikshank to pay to the petitioner $2,000 and interest from May 1, 1901.

*Alfred B. Cruikshank*, for the appellants.

*Jerry A. Wernberg*, for the respondent.

PER CURIAM:

The learned justice who presided at the Special Term, at the close of his opinion, writes these words: "No request that the petitioner be remitted to an action at law having been made, I have taken the testimony and fix the amount which the attorneys may retain for their services and expenses at $664.88." Thus, we may assume that the supposed absence of such request moved the learned court to the summary procedure. But, turning to the record, we find that the respondents in their answering affidavit showed that "in view of the facts stated above and the absolute responsibility and good faith for * the respondents, these proceedings should be dismissed, and the petitioner remitted to his action or to a legal proceeding to have the amount adjusted in the proper way. * * * That respondents desire that an action should be brought by the said Pollock against them in proper form to recover said sum in order that they may have an opportunity of pleading a counterclaim against him for a considerable sum which the said Pollock owes them over and above all moneys which they have retained for their fees and disbursements as aforesaid." While it may be suggested in answer that the pro-

* *Sic.*

ceeding in question is a "legal proceeding," yet it is quite apparent that the appellants, by this request, contemplated some sort of action other than the present proceeding. When, upon the order of the learned Special Term, the matter came up for a hearing, the record shows that the respondents objected " to proceeding," and said objections were overruled, as follows: " Respondents moved to dismiss the proceedings herein on the grounds set forth in the answer." Upon the day to which the matter was adjourned, the respondents again moved to dismiss the proceedings upon the grounds stated in the answer, but the court refused to entertain the motion on the ground that they had already been made and denied upon the return of the petition, whereupon the respondents excepted. We think that the respondents thus made a request that the petitioner be remitted to his action. We do not express any opinion upon the merits, but we rest with pointing out that, in our opinion, the respondents had made the request which the learned judge at Special Term said had not been made, and the omission of which evidently was stated by him as an inducing cause, if not the inducing cause, for the entertainment of the summary proceedings in question. We think that under these circumstances the orders should be reversed and the proceedings dismissed, without costs, and without prejudice to the petitioner to proceed by any action which he may deem proper to institute. We think that this determination cannot be prejudicial to the *morale* of the profession, inasmuch as the learned and able justice presiding at Special Term expresses the opinion that the attorneys no doubt acted in good faith, and that their fault was mistake.

The orders should be reversed, without costs.

All concurred.

Orders reversed, without costs.