(43 Misc. Rep. 138.)

ARONE v. LAUNDERS.

(Supreme Court, Special Term, Kings County. March, 1904.)

1. ATTORNEY AND CLIENT—UNLAWFUL RETENTION OF MONEY BY ATTORNEY—REMEDY OF CLIENT—MOTION—ACTION.

A motion that the court summarily require plaintiff's attorney to pay over to him money collected and unlawfully retained by him will be denied, and plaintiff remitted to an action.

Action by Raphael Arone against Michael J. Launders. Motion to summarily require plaintiff's attorney to pay over to him money collected in the action and unlawfully retained by him. Motion denied.

John P. Lee, for the motion.
Charles A. Dryer, opposed.

GAYNOR, J. In view of the decision in Matter of Pollock, 69 App. Div. 499, 74 N. Y. Supp. 976, I think I should remit the plaintiff to an action against his attorney. It has always been deemed that the court had the power and that it was its duty to summarily adjust such disputes between clients and their attorneys; but in that case the proceeding was dismissed on appeal, and the applicant remitted to his action. It cannot be that was done simply because the justice who heard the case remarked (as is there stated) in rendering his decision after a full hearing, that no request had been made by the attorneys proceeded against to remit the applicant to an action, forgetting that such a request had been made and denied at the outset. It would be attributing to the appellate court a hypercriticism which cannot exist in the administration of justice without causing much injustice, to understand that it dismissed the proceeding because such a harmless remark was made. The record showed that a motion had been made on the return day of the order to show cause to remit the applicant to an action, and denied. What sort of justice would it be to throw the applicant out of court on appeal because when the justice who heard the case was on a later date rendering his final decision after a full hearing he had forgotten that he had been requested at the first hearing to remit the applicant to an action, and had denied the motion? It must be as-

¶ 1. See Attorney and Client, vol. 5, Cent. Dig. § 266.

sumed that the decision was not put upon such a frivolous pretext as that, but that it means that in this judicial department such disputes will no longer be heard on summary application, but only by action. The said remark of the justice was mentioned for some reason, presumably; but due respect for the learned appellate court forbids that its decision should be deemed to have been based thereon.

The application is therefore denied, and the plaintiff remitted to an action.